RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEC 17 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| DOUGLAS J. WILTSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. |
| v. | ) | |
| | ) | **07C 7073** |
| DISCOVER FINANCIAL SERVICES, INC. | ) | |
| a Delaware Corporation; MORGAN | ) | |
| STANLEY, INC., a New York Corporation; | ) | |
| ED KERBS; ALAN KADIN; LUT | ) | |
| CALCOTE; HEATHER HESTON; | ) | |
| EVELYN DELACRUZ; KAREN | ) | JURY DEMAND |
| DOLLMEYER; JAY ADLER; and | ) | |
| DIANE OFFREINS, | ) | **JUDGE MANNING** |
| | ) | |
| Defendants. | ) | **MAGISTRATE JUDGE KEYS** |

COMPLAINT

NOW Comes the Plaintiff, DOUGLAS J. WILTSE, by and through his attorney, MORRIS D. MINUSKIN, and for his Complaint, states as follows:

THE PARTIES

1.  Plaintiff is an individual and has resided at 509 N. Dunton Street, #3, Arlington Heights, Illinois, 60004, County of Cook, State of Illinois, at all times relevant hereto.

2.  A)  Defendant DISCOVER FINANCIAL SERVICES, INC. (hereinafter "DISCOVER") is a corporation incorporated in the State of Delaware, that at all times relevant hereto maintained its principal place of business in the State of Illinois in the City of Riverwoods and County of Lake.  At all times relevant hereto, DISCOVER was a wholly-owned subsidiary company of Defendant MORGAN STANLEY, INC., and employed approximately 1,500 people.

B)  Defendant MORGAN STANLEY, INC. (hereinafter "MORGAN") is a corporation incorporated in the State of New York, that at all times relevant hereto maintained its principal place of business in the State of Illinois in the City of Riverwoods and County of Lake, and employed approximately 40,000 people in Illinois and worldwide.

C)  Defendants ED KERBS (hereinafter "KERBS"), ALAN KADIN (hereinafter "KADIN"), LUT CALCOTE (hereinafter "CALCOTE"), HEATHER HESTON (hereinafter

"HESTON"), EVELYN DELACRUZ (hereinafter "DELACRUZ"), KAREN DOLLMEYER (hereinafter "DOLLMEYER"), JAY ADLER (hereinafter "ADLER"), and DIANE OFFREINS (hereinafter "OFFREINS") are all individuals and, at all times relevant thereto, were employed by defendants DISCOVER and MORGAN.

## JURISDICTION AND VENUE

3.  On February 16, 2007, Plaintiff filed a charge of discrimination against the Defendants with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging that he was discriminated against on the basis of a disability in violation of Title I of the Americans with Disabilities Act, 42 U.S.C.A Sections 12101 et seq. (hereinafter "ADA"). (A copy of said charge is attached hereto and incorporated herein by reference as Exhibit A.)

4.  On or about October 1, 2007, Plaintiff received a notice of right to sue from the EEOC, advising him that he had 90 days to file suit against the Defendants under the ADA. (A copy of said notice is attached hereto and incorporated herein by reference as Exhibit B).

5.  On December 17, 2007, within the aforementioned 90-day right to sue period, Plaintiff filed the instant action.

6.  Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

7.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C.A Sections 1343 and 1331, as it is a civil rights action arising under the laws of the United States.

8.  Venue in this district is proper under 28 U.S.C.A. Section 1391(b) as the parties either reside or are licensed to do business in this judicial district, and the events giving rise to this action occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

9.  On or about February 17, 1992, Plaintiff was hired by Defendant DISCOVER for the position of desk agent within the Production Control Center, and at all times relevant hereto was employed by Defendants DISCOVER and MORGAN as a senior associate for DISCOVER'S Mainframe Tools and Vendor Management Department.

10.  At all times relevant hereto, Plaintiff performed his job duties in exemplary fashion and to the Defendants' legitimate satisfaction.

11.  On or about June 15, 1993, Plaintiff was diagnosed by his physician as having severe anxiety and depression, and has suffered from said illness at all times relevant hereto. Severe anxiety and depression is a mental illness encompassed under the provisions of the ADA.

12.  At all times relevant hereto, all of the Defendants knew, or should have known, about Plaintiff's aforementioned illness. Plaintiff's illness was well-documented within Defendant

DISCOVER in that in the years 1993, 1996, and 2006, its Human Resources Department received Medical Release forms relative to Plaintiff acknowledging Plaintiff's illness.

## FIRST CAUSE OF ACTION

13.  Plaintiff realleges paragraphs 1 through 12 above as if fully realleged herein.

14.  At all times relevant hereto, Defendant KERBS was manager of the Mainframe Tools and Vendor Management Department for Defendant DISCOVER and Plaintiff's immediate supervisor.

15.  On or about October 6, 2006, Defendant KERBS asked Plaintiff to have a one-on-one meeting with him at the offices of Defendant DISCOVER.  During this meeting, intentionally and with malice aforethought, Defendant KERBS continuously screamed at and berated the Plaintiff for a period in excess of thirty (30) minutes, wrongfully saying during this period, among other things, that Plaintiff was a bad employee and in need of job-related help, causing Plaintiff to directly suffer a severe attack of anxiety..

16.  As a result of this severe attack of anxiety, the Plaintiff was in immediate need of medical treatment, and due to his immediate state, could not call for medical help himself. Defendant KERBS then exacerbated the situation by, intentionally and with malice aforethought, failing to call for medical help for the Plaintiff.

17.  This meeting between Defendant KERBS and the Plaintiff occurred immediately after a luncheon on the same date at the offices of Defendant DISCOVER at which the Plaintiff was recognized as being an exemplary employee by a fellow employee in front of all of Plaintiff's peers and Defendant CALCOTE, Vice-President of Business Technology Operations and a direct superior of Plaintiff.

18.  Defendant KERBS screamed and berated the Plaintiff allegedly due to a telephone conversation that Plaintiff had with an account representative from IBM, a client of defendant DISCOVER, that took place on or about September 14, 2006.  Said conversation was overheard by Defendant ADLER, like Plaintiff, a senior associate with the Mainframe Tools and Vendor Management Department.

19.  Defendant ADLER, intentionally and with malice aforethought, gave Defendant KERBS wrong and misleading information about said telephone conversation between Plaintiff and the IBM representative in order to hurt the Plaintiff professionally.

20.  Defendant KERBS, knowing the information he received from Defendant ADLER was wrong and misleading, screamed at and berated the Plaintiff at the aforementioned meeting on October 6, 2007, causing Plaintiff great harm as stated in paragraph 15 above.

## SECOND CAUSE OF ACTION

21.  Plaintiff realleges paragraphs 1 through 20 above as if fully realleged herein.

22.   Each year for the previous five (5) years, from 2001 through 2005, as senior associate in the Mainframe Tools and Vendor Management Department, Plaintiff received a satisfactory year-end job performance rating from his immediate supervisor, and a corresponding three to five percent (3% - 5%) yearly increase in pay.

23.   On or about November 10, 2006, Defendant KERBS, after being hired by Defendant DISCOVER in August of 2006 and being manager of the Mainframe Tools and Vendor Management Department for only approximately two (2) months, intentionally and with malice aforethought, gave the Plaintiff an inferior job rating for the entire 2006 calendar year, a rating that was totally different from prior evaluations.  As a direct result, the poor job rating resulted in Plaintiff receiving a raise in pay for the year 2007 from Defendant DISCOVER of less than one (1) percent (.0099948).

24.   Previously, on or about November 6, 2006, in a meeting with Defendant KERBS and Defendant HESTON, an associate in the Employee Relations Department, Plaintiff was told by HESTON that if Plaintiff signed a certain document that she had prepared, then all of the aforementioned incidents, including, but not limited to, the telephone conversation with the IBM representative and the October 6, 2006, meeting with Defendant KERBS, would be considered closed and would not be a part of Plaintiff's 2006 year-end job review.  As it turned out, Defendant HESTON, intentionally and with malice aforethought, misled Plaintiff into signing said document, and all of the contents of said document and all of the incidents aforementioned were made a part of Defendant KERBS poor 2006 year-end performance review.

25.   On or about November 12, 2006, Defendant KERBS informed Plaintiff that his poor year-end job evaluation was the result of Plaintiff's alleged unprofessional behavior in the workplace by having the severe anxiety attack during their aforementioned meeting on October 6, 2006.

26.   On or about November 12, 2006, Defendant KADIN, director of the Enterprise Computing Services Department and immediate supervisor of Defendant KERBS, and Defendant CALCOTE, immediate supervisor of Defendant KADIN, intentionally and with malice aforethought, wrongfully approved Plaintiff's poor year-end job evaluation.  In addition, Defendant OFFREINS, senior vice-president at Defendant DISCOVER, is directly responsible for all decisions made by Defendants KADIN and CALCOTE, and is thus negligently responsible for the approval of Plaintiff's poor year-end job evaluation.

27.   Defendant DISCOVER provides an internal appeal process by which employees may grieve adverse employment decisions.

28.   On or about November 14, 2006, Plaintiff grieved Defendant KERBS poor job performance rating.

29.   The result of the internal appeal process was that Plaintiff's grievance was denied.

30..   As a direct result of the poor job evaluation and Plaintiff's failure to receive his normal annual pay raise, Plaintiff suffered additional severe anxiety attacks, and had to repeatedly seek medical treatment for same.

## THIRD CAUSE OF ACTION

31.   Plaintiff realleges paragraphs 1 through 30 above as if fully realleged herein.

32.   On or about January 17, 2007, Plaintiff had a meeting with Defendant DELACRUZ, director of the Employee Relations Department.  During the meeting, Plaintiff requested, among other things, that his 2006 year-end job performance evaluation be reviewed and rewritten to reflect his satisfactory job performance, and that his 2007 raise be adjusted to the normal 3% - 5%.

33.   Defendant DELACRUZ, intentionally and with malice aforethought, then informed the Plaintiff that if he continued to defend his position relative to Defendant KERBS' poor job evaluation, then he would be fired, causing Plaintiff additional severe anxiety attacks which required additional medical treatment.

## CLAIM FOR RELIEF

34.   Plaintiff realleges paragraphs 1 through 33 above as if fully realleged herein.

35.   The Defendants' intentional conduct detailed above was discriminatory and retaliatory against Plaintiff in violation of the appropriate provisions of the ADA.

36.   As a direct and proximate result of said intentional discriminatory and retaliatory conduct, Plaintiff was forced to take a medical leave of absence from his employment at Defendant DISCOVER on or about January 18, 2007, due to the severity of his aforementioned illness, and has been on medical leave since said date.

37.   As a direct and proximate result of said intentional discriminatory and retaliatory conduct, Plaintiff has lost wages and other benefits; his future earning capacity has been substantially impaired; he has suffered severe anxiety and emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and he has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

38.   Defendants' discriminatory and retaliatory conduct exhibited a willful, malicious and/or negligent intent to cause direct harm to Plaintiff.

WHEREFORE, the Plaintiff, DOUGLAS J. WILTSE, prays that this honorable Court enter judgment in his favor and grant him the maximum relief allowed by law, including:
   A.   A declaration that the Defendants have violated pertinent sections of the ADA.
   B.   All lost wages since January 18, 2007.
   C.   Compensatory and punitive damages against all of the Defendants, individually and collectively, in the amount of Thirty Million Dollars ($30,000,000.).

D.  A jury trial.
E.  Attorneys' fees, costs of suit, and such other relief as this court deems just and proper.

Respectfully submitted,

DOUGLAS J. WILTSE

By: _____
         Plaintiff's Attorney

MORRIS D. MINUSKIN, ESQ.
Attorney for Plaintiff
21 S. Belmont, Unit 1
Arlington Heights, IL  60004
Phone:  847-255-8255