IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS J. WILTSE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Case No. 07 CV 7073 |
| DISCOVER FINANCIAL SERVICES, INC., ) | |
| a Delaware Corporation; MORGAN ) | |
| STANLEY, INC., a New York Corporation; ) | Judge Manning |
| ED KERBS; ALAN KADIN; LUT ) | |
| CALCOTE; HEATHER HESTON; ) | Magistrate Judge Keys |
| EVELYN DELACRUZ; KAREN ) | |
| DOLLMEYER; JAY ADLER; and ) | |
| DIANE OFFREINS, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO COMPEL AND EXTEND TIME TO ANSWER OR OTHERWISE PLEAD**

Defendants, DFS Services LLC ("DFS") and Morgan Stanley (collectively, "Defendants"), by and through their undersigned counsel, hereby move to compel Plaintiff Douglas J. Wiltse ("Plaintiff") to respond as directed by the Court and further move the Court to extend the time for Defendants to answer or otherwise plead. In support of this motion, Defendants state as follows:

1. On February 19, 2008, the parties appeared before the Court for the first time. At that hearing, counsel for all of the Defendants informed the Court and Plaintiff's counsel that Ed Kerbs, Alan Kadin, Lutgarte Calcote, Heather Heston, Evelyn Delacruz, Karen Dollmeyer, Jay Adler, and Diane Offereins (collectively, the "Individual Defendants") should be voluntarily dismissed with prejudice from this case because there is no individual liability under the Americans with Disabilities Act ("ADA"). Counsel further informed the Court and Plaintiff's

counsel that defendant Morgan Stanley should be voluntarily dismissed with prejudice from this case because Morgan Stanley was not Plaintiff's employer and there was no other basis for liability.

2. Upon being questioned by the Court, Plaintiff's counsel indicated he was aware of Defendants' position on these issues but needed time to conduct the requisite legal research and was not in a position to respond to DFS.

3. The Court then orally directed Plaintiff's counsel to inform Defendants' counsel in writing by Friday, March 7, 2008 whether he intended to voluntarily dismiss the Individual Defendants and Morgan Stanley from the case. Based on that deadline, the Court further extended the time for Defendants to answer the complaint or otherwise plead to March 21, 2008. *See* Docket Entry 11.

4. Plaintiff's counsel did not respond in writing to Defendants' counsel by March 7, 2008.

5. On March 10, 2008, counsel called and left a message for Plaintiff's counsel, reminding him of the Court's February 19 direction. When the message was not returned by the end of the day, counsel for DFS also faxed and mailed a letter to Plaintiff's counsel. *See* Exhibit A attached hereto.

6. On March 11, 2008, counsel called and spoke to Plaintiff's counsel, who stated that he would respond in writing the following day.

7. At 4:42 PM on March 12, 2008, Plaintiff's counsel faxed a letter indicating he would dismiss the Individual Defendants but had not yet completed his legal research regarding Morgan Stanley and therefore could not advise as to whether that defendant would be dismissed.

Plaintiff's counsel further wrote that he would complete his research and respond as to Morgan Stanley within the following 24 hours.  *See* Exhibit B attached hereto.

8.      Because of Plaintiff's delay in complying with the schedule outlined by the Court at the February 19 hearing, DFS and Morgan Stanley have been prejudiced in their ability to answer the complaint or otherwise plead.  Specifically, they have lost five days awaiting Plaintiff's response as to whether he would voluntarily dismiss the Individual Defendants and still have not been advised as to whether Plaintiff will voluntarily dismiss Morgan Stanley.  As a result, DFS and Morgan Stanley now have only seven business days in which to answer or otherwise plead.

9.      Because DFS and Morgan Stanley have been unable to obtain a timely response from Plaintiff's counsel in accordance with the Court's prior direction, they seek an order compelling Plaintiff's counsel to state in writing immediately whether Plaintiff will voluntarily dismiss with prejudice Morgan Stanley from this case.  DFS and Morgan Stanley also seek an additional fourteen (14) days—until April 4, 2008—in which to answer the complaint or otherwise plead.

10.     Additionally, DFS and Morgan Stanley seek their reasonable attorney's fees and costs in bringing this motion.  Plaintiff's lack of attention and failure to comply with the Court's direction is the sole reason they are forced to expend valuable resources unnecessarily.

**WHEREFORE**, Defendants, DFS Services LLC and Morgan Stanley, respectfully request that the Court enter an order: (1) compelling Plaintiff's response in writing immediately regarding the voluntary dismissal with prejudice of Morgan Stanley; (2) giving DFS Services LLC and Morgan Stanley an additional fourteen (14) days—until April 4, 2008—to

answer or otherwise plead; and (3) granting DFS Services LLC and Morgan Stanley their reasonable attorney's fees and costs associated with the preparation of this motion.

                                                                                 DFS SERVICES LLC and
                                                                                  MORGAN STANLEY

                                                  By: /s/ Cheryl Tama Oblander
                                                            One of Their Attorneys

Cheryl Tama Oblander
Aviva Grumet-Morris
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL  60601-9703
Telephone:  (312) 558-5600
Facsimile:  (312) 588-5700
ctama@winston.com
agmorris@winston.com

**CERTIFICATE OF SERVICE**

   The undersigned, one of the attorneys for Defendants DFS Services LLC and Morgan Stanley, hereby certifies that on March 13, 2008, a true and correct copy of the foregoing MOTION TO COMPEL AND TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Morris D. Minuskin<br>
The Law Offices of Morris D. Minuskin<br>
Unit 1<br>
21 S. Belmont Street<br>
Arlington Heights, Illinois 60004<br>
Phone: (847) 255-8255<br>
Fax: (847) 255-8950<br>
mdminuskinlaw@aol.com

              By: /s/ Cheryl Tama Oblander
                 One of Their Attorneys