IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS J. WILTSE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISCOVER FINANCIAL SERVICES, INC. )<br>a Delaware Corporation; MORGAN )<br>STANLEY, INC., a New York Corporation; )<br>ED KERBS; ALAN KADIN; LUT )<br>CALCOTE; HEATHER HESTON; )<br>EVELYN DELACRUZ; KAREN )<br>DOLLMEYER; JAY ADLER; and )<br>DIANE OFFREINS, )<br>)<br>Defendants. ) | CASE NO.   07 CV 7073<br><br>JUDGE MANNING<br><br>MAGISTRATE JUDGE KEYS |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL
AND EXTEND TIME TO ANSWER OR OTHERWISE PLEAD**

NOW Comes the Plaintiff, DOUGLAS J. WILTSE, by his attorney, MORRIS D. MINUSKIN, and in support of his response to Defendants' motion to compel and extend time to answer or otherwise plead, states as follows:

1. That by court order of February 19, 2008, Plaintiff was given leave to March 7, 2008, to notify Defendants' attorney in writing whether or not Plaintiff intended to dismiss not only the individual named defendants, but also Morgan Stanley, the parent company of defendant Discover Financial Services.

2. Due to Plaintiff's attorney's unusually heavy caseload, which can be documented for the Court if so desired, Plaintiff's counsel was not able to so notify Defendants' attorney by said date.

3. On March 12, 2008, Plaintiff's attorney sent a letter to Defendants' attorney notifying her of Plaintiff's intention to dismiss the individual named defendants. A copy of said letter is attached to Defendants' Motion To Compel as "Exhibit B".

4. Contrary to what the Defendants allege in their motion and certain oral discussions between the parties' attorneys, whether a parent company (in this case Morgan Stanley) is considered an "employer" under the statute and should be included in a complaint for

discrimination along with is subsidiary (in this case Discover Financial Services) must be determined according to the facts of each case. The statute does not state that a parent company should never be included. If there is a sufficient interrelation of operations between the parent and subsidiary, along with other factors, then a parent company should be included in such a lawsuit. Plaintiff's attorney needed to complete the necessary research based on the facts of this particular case before Plaintiff could make an official decision whether or not to dismiss Morgan Stanley.

    5. While Plaintiff does not object to defendant Discover's request for an extension of time to answer or otherwise plead if Discover's attorney requires same, there doesn't appear to be a need for same based on Defendant's motion. As Discover's attorney admits, the parties' attorneys' discussions about dismissing certain defendants only pertained to the named individuals and Morgan Stanley. There was never a discussion about dismissing Discover. Discover's attorney has had sufficient time since she filed her appearance on behalf of Discover to file an answer or other pleading on behalf of Discover. Even if Plaintiff chose not to dismiss the individual defendants or Morgan Stanley, their answer or other pleading would be separate and distinct from Discover's and have no effect on same. There is still time for Discover to answer or otherwise plead by March 21, 2008, or by March 31, 2008, the next status date for this matter, but, as stated above, Plaintiff has no objection if Discover's attorney needs more time.

WHEREFORE, the Plaintiff, DOUGLAS J. WILTSE, respectfully prays that this honorable Court enter an order:

    A. Dismissing Defendants' compel portion of its motion, for Plaintiff has complied.

    B. Denying Defendants' request for attorney's fees and costs.

    C. For further relief as the Court deems fit.

Respectfully submitted,

DOUGLAS J. WILTSE

*[signature: Morris D. Minuskin]*

By: MORRIS D. MINUSKIN,
his Attorney

MORRIS D. MINUSKIN, ESQ.
Attorney for Plaintiff
21 S. Belmont, Unit 1
Arlington Heights, IL  60004
Phone: 847-255-8255
Facsimile: 847-255-8950
Email: mdminuskinlaw@aol.com

-2-

## CERTIFICATE OF SERVICE

The undersigned, the attorney for Plaintiff, hereby certifies that on March 17, 2008, a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL AND EXTEND TIME TO ANSWER OR OTHERWISE PLEAD was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Cheryl Tama Oblander
Aviva Grumet-Morris
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312)558-5600
Facsimile: (312)558-5700
Email: ctama@winston.com
agmorris@winston.com