**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS J. WILTSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.  07 CV 7073 |
| DISCOVER FINANCIAL SERVICES, INC., | ) | |
| a Delaware Corporation, | ) | |
| | ) | Judge Manning |
| Defendant. | ) | |
| | ) | Magistrate Judge Keys |
| | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, DFS Services LLC ("DFS" or the "Company"), formerly known as Discover

Financial Services, Inc., by and through its attorneys, submits this memorandum of law in

support of its motion to dismiss the complaint ("Complaint") pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**I.      RELEVANT ALLEGATIONS IN THE COMPLAINT[1]**

Plaintiff Douglas J. Wiltse ("Plaintiff") began working for DFS in 1992.  *See* Complaint

¶ 9.  In 1993, Plaintiff was diagnosed with anxiety and depression, *see* Complaint ¶ 11, and over

the course of his fifteen year career at the Company, DFS received three Medical Releases in

connection with those diagnoses.  *See* Complaint ¶ 12.

Plaintiff claims that on or about September 14, 2006, Plaintiff's co-worker, Jay Adler,

gave Ed Kerbs ("Kerbs") wrong and misleading information about a phone conversation between

---

[1] Solely for purposes of its Motion to Dismiss and Memorandum in Support, DFS does not contest the facts alleged
in the Complaint and expressly reserves the right to contest all allegations at any other time and in any manner.

Plaintiff and a client of the Company. *See* Complaint ¶¶ 18–19. On or about October 6, 2006, Kerbs, who was Plaintiff's supervisor, met with Plaintiff. *See* Complaint ¶¶ 14, 15, 18. Plaintiff alleges that during this meeting Kerbs "screamed and berated" him and said he was a "bad employee and in need of job-related help" because of the telephone conversation Plaintiff had with the client. *See* Complaint ¶ 15, 18. Following this meeting, Plaintiff claims to have had an anxiety attack and further alleges that Kerbs did not call for medical personnel to attend to him. *See* Complaint ¶ 16.

On or about November 10, 2006, Kerbs gave Plaintiff an inferior job rating during his year end evaluation which resulted in a 1% raise. *See* Complaint ¶ 23. On or about November 12, 2006, Plaintiff alleges that Kerbs informed him that the poor evaluation was a result of Plaintiff's unprofessional behavior by having an anxiety attack during the October 6 meeting. *See* Complaint ¶ 25. Plaintiff challenged his poor job evaluation by way of the Company's internal process but his request was denied. *See* Complaint ¶¶ 27–29. As a result of the poor job evaluation and the receipt of an annual pay raise that was lower than what he'd received in prior years, Plaintiff alleges he had additional anxiety attacks. *See* Complaint ¶ 30.

On January 17, 2007, a representative of the Employee Relations Department declined to accede to Plaintiff's request that his 2006 performance evaluation be "reviewed and rewritten to reflect his satisfactory job performance" and that his 2007 pay raise be increased. *See* Complaint ¶¶ 32–33. According to Plaintiff, the representative also "informed" him that he would be fired if he continued to "defend his position relative to . . . Kerbs' poor job evaluation." *See* Complaint ¶ 33. This statement allegedly caused Plaintiff additional anxiety attacks. *See* Complaint ¶ 33.

On February 16, 2007, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging he had been discriminated and retaliated against on the basis of disability.  *See* Complaint ¶ 3.

## II.    PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on December 17, 2007 and named as defendants DFS, Morgan Stanley, Ed Kerbs, Alan Kadin, Lutgarte Calcote, Heather Heston, Evelyn Delacruz, Karen Dollmeyer, Jay Adler, and Diane Offereins.  *See* Complaint.  On March 25, 2008, Plaintiff filed a Notice of Dismissal in which he voluntarily dismissed all defendants except DFS.  *See* Docket #21.

## III.    ARGUMENT

Although not entirely clear from the Complaint, Plaintiff appears to be alleging discrimination and retaliation under the Americans with Disabilities Act ("ADA").  For the reasons enumerated below, he fails to assert any facts that could support either of these causes of actions.  Therefore, and in accordance with Rule 12(b)(6), the Complaint should be dismissed in its entirety for failure to state a claim upon which relief may be granted.

### A.    Legal Standard on a Rule 12(b)(6) Motion to Dismiss

A court may dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Illinois Restaurant Assoc. v. City of Chicago*, 492 F. Supp. 2d 891, 894 (N.D. Ill. 2007) (Manning, J.) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, *see Native American Arts, Inc. v. J.C. Penney Co*., 5 F. Supp. 2d 599, 601 (N.D. Ill. 1998), and therefore in considering a motion to dismiss for failure to state a claim, the court accepts all well-pleaded facts alleged in the

complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Illinois Restaurant Assoc.*, 492 F. Supp. 2d at 894. The claim should be dismissed if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Doe v. Bd. of Trustees of the Univ. of Illinois*, 429 F. Supp. 2d 930, 937 (N.D. Ill. 2006).

**B.    The Complaint Does Not State a *Prima Facie* Claim of Discrimination Under the ADA**

Despite alleging what he calls three causes of action, Plaintiff in fact seems to be alleging multiple theories of the same cause of action: discrimination under the ADA. Because none of the facts he asserts could support any of his theories, Plaintiff's Complaint should be dismissed.

To establish a *prima facie* case of discrimination under the ADA, Plaintiff must show (1) he is a "qualified person with a disability"; (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees were more favorably treated. *Rooney v. Koch Air, LLC*, 410 F.3d 376, 380 (7th Cir. 2005). Here, Plaintiff has not alleged facts to establish three of these elements,[2] and as courts in this district have recognized, "[i]f the plaintiff fails to prove any of these elements, [the] claim fails." *See Gutzwiller v. City of Chicago*, No. 03 C 7598, 2007 WL 294255, at *4 (N.D. Ill. Jan 25, 2007).

**1.    Plaintiff Does Not Establish That He is "Disabled"**

A person is "disabled" under the ADA if "1) he has an impairment that substantially limits one or more major life activities; 2) he has a record of such impairment; or 3) his employer regards him as having such an impairment." *Owens v. St. Agnes Healthcare*, No. 05 C 3751, 2007 WL 2893649, at *2 (N.D. Ill. Sept. 28, 2007). "Substantially limits" means "significantly restricts 'the condition, manner or duration under which an individual can perform a particular

---

[2] DFS assumes, for the purposes of this motion only, that Plaintiff's conclusory allegation "At all times relevant hereto, Plaintiff performed his job duties in exemplary fashion and to the Defendants' legitimate satisfaction," *see* Complaint ¶ 10, satisfies the second element of his *prima facie* case in his discrimination claim.

major life activity as compared to the condition, manner, or duration under which an average person in the general population can perform that same major life activity.'" *Robinson v. Morgan Stanley Dean Witter*, No. 05 C 04258, 2007 WL 2566294, at *3 (N.D. Ill. Aug. 31, 2007) (quoting ADA regulations).   Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* (quoting ADA regulations).   A plaintiff proceeding under either the "disabled" or "record of a disability" theories must show that his or her impairment substantially limits a major life activity, while the "regarded as disabled" theory requires a showing that "the employer, rightly or wrongly, believes that [he or] she has an impairment that substantially limits one or more major life activities."   *See Rooney*, 410 F.3d at  381–82 (explaining what must be shown under all three theories) (internal quotation marks and citation omitted).

Here, while noting that he has been diagnosed with "severe anxiety and depression," *see* Complaint ¶ 11, Plaintiff does not allege any facts to show that these alleged conditions "substantially limit" him in any major life activity or that DFS in any way regarded him as disabled.   *See, e.g.*, *Storey v. City of Chicago*, No. 04 C 7352, 2007 WL 773248, at *6 (N.D. Ill. Mar. 12, 2007) (noting that with respect to showing a disability, the "Seventh Circuit recently articulated [that] '[n]ot every medical affliction amounts to, or gives rise to, a substantial limitation on a major life activity,'" and to prevail under a "regarded as disabled" theory, the ADA "requires more than a diagnosis").   Plaintiff admits that throughout the relevant time period he was not substantially limited in the major life activity of working.   *See* Complaint ¶ 10.   As a result, even taking the allegations in the Complaint as true, Plaintiff cannot show that he is "disabled" under the ADA.   S*ee, e.g.*, *Rooney*, 410 F.3d at 381–82  (finding plaintiff was not disabled where he failed to show that had an impairment that substantially limited a major life

activity, that he was regarded as disabled, or that he had a record of a disability).   Plaintiff's conclusory statement that "[s]evere anxiety and depression is a mental illness encompassed under the provisions of the ADA,"  *see* Complaint ¶ 11, does not change this result.  *See Myers v. Phillips v. Chevrolet, Inc.*, No. 04 C 0763, 2004 WL 2403126, at *2 (N.D. Ill. Oct. 26, 2004) ("The Court need not accept legal conclusions or unsupported factual conclusions from the complaint as true.").

> ### 2.     Plaintiff Does Not Allege Any Adverse Employment Action

In this case, Plaintiff complains of a number of occurrences, including: (1) "scream[ing] and berat[ing]" by his supervisor, Ed Kerbs, *see* Complaint ¶ 15; (2) failure to summon medical personnel, *see* Complaint ¶ 16; (3) falsely reporting Plaintiff's behavior towards a client, *see* Complaint ¶ 19; (4) receipt of a poor review, *see* Complaint ¶ 23; (5) receipt of a small raise, *see* Complaint; (6) being misled into signing a document, *see* Complaint ¶ 24; (7) approval by other supervisors of the poor performance review, *see* Complaint ¶ 26; (8) denial of an internal grievance, *see* Complaint ¶¶ 27, 29; and (9) threat of termination, *see* Complaint ¶ 33.  These incidents, however, do not constitute "adverse employment actions" as that term has been interpreted by the courts.  *See, e.g.*, *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 730 (7th Cir. 2001) (noting in Title VII case that "unfair reprimands or negative performance evaluations, unaccompanied by some tangible job consequence, do not constitute adverse employment actions"); *Hernandez v. Valet Parking Serv., Inc.*, No. 04 C 7559, 2005 WL 2861054, at *8 (N.D. Ill. Oct. 27, 2005) (finding plaintiff had not suffered an adverse employment action where, *inter alia*, he received a raise in his hourly wage); *Shannon v. Hotel Employees & Restaurant Employees Int'l Union*, No. 01 C 9711, 2005 WL 2387689, at *13–14 (N.D. Ill. Sept. 22, 2005) (holding that threats to fire an employee are not adverse employment actions); *see also Tyler v. Ispat Inland Inc.*, 245 F.3d 969, 972 (7th Cir. 2001) ("[N]ot everything that makes an employee

unhappy can form the basis of a federal discrimination suit."); *Campbell v. Henderson*, No. 00 C 6837, 2002 WL 1732361, at *5, *7 (stating that in order to be considered an adverse employment action, the complained of conduct "must have some tangible job consequence, such as termination of employment; demotion evidenced by a decrease in wage or salary, or a less distinguished title; a material loss of employment benefits; or significantly diminished material responsibilities").  Because none of the conduct about which Plaintiff complains constitutes an adverse employment action, Plaintiff has failed to set forth a *prima facie* claim of discrimination under the ADA.

### 3.     Plaintiff Fails to Identify Any Similarly Situated Employees Who Were Treated More Favorably

In addition to the other deficiencies in his Complaint, Plaintiff has not identified any similarly situated non-disabled employee who was treated more favorably than he was treated. Courts in this district dismiss ADA claims where a plaintiff fails to allege similarly situated employees were treated more favorably.  *See, e.g.*, *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 938 (7th Cir. 2007) (affirming district court where plaintiff could not  show that she was disabled and failed to identify a similarly situated employee treated differently); *see also Owens*, 2007 WL 2893649, at *3; *Storey*, 2007 WL 773248, at *7–8 (noting that because the plaintiff failed to show similarly situated employees treated better, she had failed to establish a *prima facie* claim).

### C.     The Complaint Does Not State a *Prima Facie* Claim of Retaliation Under the ADA

Despite what appears to be an attempt to assert a claim for retaliation under the ADA, *see* Comp. ¶¶ 35–37 (describing conduct as "retaliatory"), Plaintiff has not established a *prima facie* claim for retaliation under that statute.  In order to satisfy his initial pleading requirements and state a *prima facie* case of retaliation under the ADA, Plaintiff must show "(1) he engaged in

statutorily protected activity; (2) he performed his job according to his employer's legitimate expectations; (3) despite meeting his employer's legitimate expectations, he suffered a materially adverse employment action; and (4) he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." *Feiss v. Metro. Water Reclamation Dist. of Greater Chicago*, No. 01 C 0278, 2003 WL 1964212, at *6 (N.D. Ill. Apr. 28, 2003). "[A plaintiff's] failure to establish any one prong of his prima facie case dooms his claim." *Mitchell v. Elkay Mfg. Co*., No. 04 C 7808, 2007 WL 2028348, at *6 (N.D. Ill. July 9, 2007).

### 1.    Plaintiff's Alleged Protected Activities Do Not Support a Retaliation Claim

The only activities alleged by Plaintiff that could conceivably constitute "protected activity" are his filing of an EEOC charge on February 16, 2007, *see* Complaint ¶ 3, and his filing of this lawsuit on December 17, 2007. *See* Complaint ¶ 5.   Neither of these actions, however, could support a retaliation claim because they occurred *after* all of the events about which Plaintiff complains.   Where the filing of a charge or complaint postdates the alleged retaliation, courts have found that there can be no causal connection and thus no retaliation. *See Sommers v. Household Int'l, Inc*., No. 98 C 4539, 1999 WL 1285858, at *12 (N.D. Ill. Dec. 30, 1999) ("[W]hen event A precedes event B, it is sometimes questionable whether A *caused* B, but only in the realm of quantum physics can B cause A."). In fact, Plaintiff does not allege *any* action by DFS after he filed his EEOC charge and Complaint. For this reason alone, the Court should dismiss any claim Plaintiff purports to bring based on alleged retaliation under the ADA.

### 2.    Plaintiff Does Not Establish Any Adverse Employment Action

As has already been demonstrated above, Plaintiff has not alleged any adverse employment action and he certainly has not alleged that DFS took any action against him *after*

he filed his EEOC charge and this Complaint.   Accordingly, he cannot state a claim for retaliation under the ADA.   *See, e.g.*, *Feiss*, 2003 WL 1964212, at *6 (finding ADA retaliation claim "fail[ed] as a matter of law" where plaintiff alleged "verbal reprimands" and "complaints about [plaintiff's] performance," which do not constitute adverse employment actions).

### 3.    Plaintiff Does Not Show He Met DFS's Legitimate Expectations

Assuming, however, that Plaintiff's retaliation claim is permitted to proceed and that he has sufficiently established an adverse employment action (which he has not), his conclusory allegation that "[a]t all times relevant hereto, Plaintiff performed his job duties in exemplary fashion and to the Defendants' legitimate satisfaction," *see* Complaint ¶ 10, is entitled to little weight with respect to his retaliation claim.   "An inference of retaliatory motive is less warranted when the plaintiff is in performance trouble before she engages in protected activity."   *See Manning v. Univ. of Chicago*, 401 F. Supp. 2d 858, 864 (N.D. Ill. 2005); *see also Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 788 (7th Cir. 2007) ("[W]e must examine [the plaintiff's] performance at the time of the challenged adverse actions").   Here, Plaintiff admits that he received a poor performance review prior to filing his EEOC charge and Complaint, *see* Complaint ¶ 23, thus dispelling an inference of a retaliatory motive related to an adverse employment action (which Plaintiff cannot show in any event).   *See Manning*, 401 F. Supp. 2d at 864–65 (finding plaintiff could not establish she was meeting her employer's legitimate expectations where her poor performance preceded the filing of an EEOC charge).

### 4.    Plaintiff Does Not Identify Any Similarly Situated Employees Who Were Treated More Favorably

Even assuming that Plaintiff has alleged that he (1) engaged in a protected activity that could support a retaliation claim; (2) suffered an adverse employment action; and (3) met DFS's

legitimate expectations prior to his receipt of a poor performance review, he yet again fails to identify any other DFS employee who did not engage in protected activity and was treated more favorably.  A plaintiff who fails to point to similarly situated employees cannot succeed on an ADA retaliation claim.  *See, e.g.*, *Dent v. City of Chicago*, No. 02 C 6604, 2003 WL 21801163, at *2 (N.D. Ill. Aug. 1, 2003) ("Plaintiff also cannot establish a claim of retaliation under the ADA because he has not shown the requisite element that he was treated less favorably than similarly situated employees who did not engage in protected activity."); *see also Manning*, 401 F. Supp. 2d at 865–66; *Feiss*, 2003 WL 1964212, at *7.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff cannot state a claim that DFS discriminated or retaliated against him in violation of the ADA.  Therefore, DFS respectfully requests the Court enter an Order (1) dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted; (2) awarding its attorney's fees and costs in connection herewith; and (3) for any other relief this Court deems appropriate and just.

Respectfully submitted,

DFS SERVICES LLC

By:_____/s/ Cheryl Tama Oblander_____
        One of Its Attorneys

Cheryl Tama Oblander
Aviva Grumet-Morris
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL  60601-9703
Telephone:  (312) 558-5600
Facsimile:  (312) 588-5700
ctama@winston.com
agmorris@winston.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant DFS Services LLC, hereby certifies that on April 2, 2008, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT was filed electronically with the Court.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Morris D. Minuskin
The Law Offices of Morris D. Minuskin
21 S. Belmont Street, Unit 1
Arlington Heights, Illinois 60004
Phone: (847) 255-8255
Fax: (847) 255-8950
mdminuskinlaw@aol.com

By: /s/ Cheryl Tama Oblander
One of Defendant's Attorneys