IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS J. WILTSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 7073 |
| | ) | |
| DISCOVER FINANCIAL SERVICES, INC., | ) | |
| a Delaware Corporation; MORGAN | ) | |
| STANLEY, INC., a New York Corporation; | ) | Judge Manning |
| ED KERBS; ALAN KADIN; LUT | ) | |
| CALCOTE; HEATHER HESTON; | ) | |
| EVELYN DELACRUZ; KAREN | ) | Magistrate Judge Keys |
| DOLLMEYER; JAY ADLER; and | ) | |
| DIANE OFFREINS. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO DISMISS COMPLAINT**

NOW Comes the Plaintiff, DOUGLAS J. WILTSE, by and through his attorney, MORRIS D. MINUSKIN, and in response to Defendant DISCOVER FINANCIAL SERVICES, INC.'s (hereinafter "DISCOVER") motion to dismiss Plaintiff's complaint, states as follows:

I.

Defendant DISCOVER bases its motion to dismiss Plaintiff's complaint on Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff fails to state a claim in his complaint upon which relief can be granted.

Under federal law, dismissal motions made pursuant to Rule 12(b)(6) are disfavored and rarely granted. Graves v. Tubb, 281 F. Supp. 2d, 886 (2003, ND Miss). When considering a 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in light most favorable to plaintiff; under Rule 12(b)(6),

dismissal is warranted only if, under any set of facts that plaintiff can prove consistent with the allegations, it is clear that no relief can be granted, and issue is not whether plaintiff will prevail but whether plaintiff is entitled to offer evidence to support his or her claims. Pouliot v. Paul Arpin Van Lines, Inc., 303 F. Supp. 2d 135 (2004, DC Conn).

Further, the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof. Bayonne v. Pitney Bowes, Inc., 15 AD Cas. 341 (2004, DC Conn). In order to withstand a motion to dismiss, the complaint must allege "operative facts" upon which each claim is based; the plaintiff need not allege all facts involved in each claim and can plead conclusions. Multiple Listing Serv. of N. Ill., Inc., v. Amerihall of Ill., LLC, 2004-2 Trade Cases Sect. 74499, 59 FR Serv. 3d 133 (2004, ND Ill). Unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint, the complaint will not be dismissed pursuant to Rule 12(b)(6). Gill v. Rinker Materials Corp., 91 BNA FEP Cas 179 (2003, ED Tenn).

II.

In its Memorandum Of Law in support of its motion to dismiss Plaintiff's complaint, Defendant DISCOVER cites numerous cases in which the plaintiff's claim of discrimination was dismissed. However, in each case, the plaintiff's claim was dismissed due to the fact that he or she could not establish that he or she was disabled within the meaning of the ADA.

As example, in the case of Storey v. City of Chicago, No. 04 C 7352, 2007 WL 773248 (N.D. Ill, Mar. 12, 2007), cited by DISCOVER on page 5, second paragraph, of its memorandum, the court dismissed plaintiff's claim solely on the fact that she could not establish

that her disability (pain in her fingers and neck) qualified as a disability within the meaning of the ADA. As the court in Storey pointed out, in order to be considered disabled under the ADA, a plaintiff must demonstrate that he or she is disabled in one of three (3) ways: (i) by showing that he or she has a physical or mental impairment that substantially limits a major life activity; (ii) that there is a record of such impairment; or (iii) that his or her employer regarded him or her as having such an impairment. See 42 U.S.C. Sections 12102(2)(A)-(C). The court in Storey, taking all the facts of the case into account, including the depositions of the parties, found that the plaintiff was not able to establish that she was disabled in any of the three (3) ways detailed above, and thus dismissed the case. But the court in Storey did not dismiss the plaintiff's complaint through a Rule 12(b)(6) motion.

In the present case, Plaintiff WILTSE alleges in his complaint the following set of facts: (i) that he suffers from severe anxiety and depression ( paragraph 11 of complaint); (ii) that he was diagnosed with severe anxiety and depression on or about June of 1993 (paragraph 11 of complaint), and (iii) that it has been well-documented with Defendant DISCOVER since 1993 that Plaintiff WILTSE suffered from said ailment (paragraph 12 of complaint). In relation thereto, "severe anxiety and depression" is a mental impairment that qualifies as a "disability" under the provisions of the ADA. And at the trial of this matter, Plaintiff WILTSE will not only establish that he was diagnosed with severe anxiety and depression in 1993, that he has suffered from said mental impairment ever since said time, and that his mental impairment has been well-documented with Defendant DISCOVER, but he will also prove, as required by the relevant provisions of the ADA, that his mental impairment has affected at least one major life activity, namely, his ability to sleep, since he was diagnosed with same in 1993.

In addition, Defendant DISCOVER, in its memorandum in support of its Rule 12(b)(6)

motion, relies on the cases of Rooney v. Koch Air, LLC, 410 F. 3d 376 (7th Cir. 2005) and Gutzwiller v. City of Chicago, No. 03 C 7598, 2007 WL 294225 (Jan.25, 2007, N.D. Ill), although, as in Storey, neither case was disposed of by the respective court by a Rule 12(b)(6) motion. (See the second paragraph of paragraph B on page 4 of DISCOVER'S memorandum.) In Gutzwiller, the court clearly stated a plaintiff can prove his or her claim of discrimination in two (2) ways: (i) either by direct evidence; or (2) in the absence of direct evidence, may meet his or her burden of proving intentional discrimination indirectly. (Gutzwiller, at A. and *3). In its memorandum, Defendant DISCOVER merely discusses the "indirect" method of proving discrimination, in which a plaintiff must establish a prima facie case that: (i) he or she is a qualified person with a disability; (ii) that he or she performed her job satisfactorily; (iii) that he or she suffered an adverse employment action; and (iv) similarly situated employees were more favorably treated.

    In the present matter, Plaintiff WILTSE may prove that he was intentionally discriminated against by Defendant DISCOVER by either direct evidence or indirectly. If the court in this matter determines that Plaintiff WILTSE is unable to prove his claim by direct evidence, then he certainly will be able to prove his claim indirectly. As stated above, Plaintiff WILTSE can unequivocably establish that he is a qualified person with a disability under the provisions of the ADA. In addition, he will be able to prove at the trial of this matter that he performed his job satisfactorily. Further, Plaintiff WILTSE will not only prove at trial that he was wrongfully given a poor year-end performance review, but he will also be able to establish through pre-trial discovery directed to Defendant DISCOVER that he suffered additional adverse employment actions, including, but not limited to, failing to obtain a job promotion that he was being considered for at the time of the incidents in question. Finally, through pre-trial discovery

directed to Defendant DISCOVER, Plaintiff WILTSE will be able to establish that similarly situated employees, including, but not limited to, Mr. Jay Adler, an employee of DISCOVER who held the same job title as Plaintiff WILTSE, were more favorably treated.

III.

Finally, in its Memorandum of Law, Defendant DISCOVER argues that the facts alleged by Plaintiff WILTSE do not support a retaliation claim against DISCOVER. (See page 7, paragraph C of DISCOVER'S memorandum.) It is unclear, however, why DISCOVER believes that Plaintiff WILTSE is making a claim of retaliation in his complaint. In the complaint, Plaintiff WILTSE clearly alleges facts that show a pattern of intentional discrimination by DISCOVER, facts that at the trial of this matter WILTSE will prove are unrefuted. In the First Cause of Action of his complaint, WILTSE alleges uncontradictable facts that Ed Kerbs, an employee of DISCOVER, wrongfully screamed at and berated WILTSE for thirty (30) minutes during a meeting in October of 2006, and that Kerbs knew, or should have known, that such screaming and berating for such a long period of time would cause a severe anxiety attack in any person that suffered from severe anxiety and depression, and most certainly in WILTSE. WILTSE further alleges in the First Cause of Action, and which can not be contradicted by DISCOVER, that Ed Kerbs wrongfully and intentionally failed to call for medical help for WILTSE during said anxiety attack, further placing WILTSE'S health at risk.

In the Second Cause of Action of his complaint, WILTSE alleges further facts showing intentional discrimination by DISCOVER, facts that WILTSE will prove at the trial of this matter are unrefuted, namely, that Ed Kerbs intentionally and wrongfully gave WILTSE a poor year-end job performance evaluation due to the fact that WILTSE had the aforementioned anxiety attack after being screamed at and berated by Kerbs. Kerbs knew, or should have

known, that giving WILTSE a wrong and improper job performance evaluation would cause WILTSE to suffer further anxiety attacks. And in the Third Cause of Action of his complaint, WILTSE again alleges further facts showing intentional discrimination by DISCOVER, facts that WILTSE will again prove at the trial of this matter are unrefuted, namely, that Evelyn Delacruz, another employee of DISCOVER, wrongfully and intentionally threatened to fire WILTSE and have him physically removed from the building during a meeting between them on January 17, 2007, if WILTSE continued in his attempt to get his job performance review properly corrected. Delacruz knew, or should have known, that her threat to fire WILTSE and have him physically removed from the building would cause WILTSE to suffer further anxiety attacks.

In conclusion, a Rule 12(b)(6) motion to dismiss is very rarely granted, and for all of the reasons stated above, should not be granted in this matter. Plaintiff WILTSE, at the trial of this matter, will prove that his mental impairment is a qualifying disability under the ADA. Further, Plaintiff WILTSE will prove at trial that he was intentionally discriminated against by Defendant DISCOVER either by direct evidence or indirectly, as required by law.

WHEREFORE, the Plaintiff, DOUGLAS J. WILTSE, respectfully prays that this Honorable Court deny Defendant's motion to dismiss Plaintiff's complaint, and for his costs and attorney's fees so unjustly sustained, and for further relief as the Court deems fit.

Respectfully submitted,

DOUGLAS J. WILTSE

                                                /s/ Morris D. Minuskin
                                                By: MORRIS D. MINUSKIN,
                                                    his Attorney.

MORRIS D. MINUSKIN, ESQ.
Attorney for Plaintiff
21 S. Belmont, Unit 1
Arlington Heights, IL  60004
Phone: 847-255-8255
E-mail: mdminuskinlaw@aol.com

CERTIFICATE OF SERVICE

The undersigned, attorney for Plaintiff, hereby certifies that on May 5, 2008, a true and correct copy of the foregoing PLAINTIFF' RESPONSE TO DEFENDANT'S MOTION TO DISMISS was filed electronically with the Court. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ms. Cheryl Tama Oblander, Esq.
Winston & Strawn
35 West Wacker Drive
Chicago, Illinois 60611
ctama@winston.com

MORRIS D. MINUSKIN