**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS J. WILTSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  07 CV 7073 |
| v. | ) | |
| | ) | |
| DISCOVER FINANCIAL SERVICES, INC., | ) | Judge Manning |
| a Delaware Corporation, | ) | |
| | ) | Magistrate Judge Keys |
| Defendant. | ) | |

**REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, DFS Services LLC ("DFS"), formerly known as Discover Financial Services, Inc., by and through its attorneys, submits this reply in support of its motion to dismiss the complaint ("Complaint") of Plaintiff Douglas J. Wiltse ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**INTRODUCTION**

Plaintiff's response—much like his Complaint—consists of legal conclusions, labels, and repetitions of the elements of a claim under the Americans with Disabilities Act ("ADA"), which does not satisfy the pleading requirement under the Federal Rules of Civil Procedure.  His attempts to "clarify" the allegations in the Complaint by way of his response still fall far short of stating a claim under the ADA.  Moreover, Plaintiff has not identified any conduct by DFS that is a legally cognizable adverse employment action.  Rather than focusing on what DFS allegedly did, he instead repeatedly refers to alleged anxiety attacks and tries to bootstrap ordinary workplace conduct in order to create an adverse employment action.  While it

is regrettable that Plaintiff experienced anxiety attacks (assuming, for the moment, that he did), that does not mean that the _conduct_ of DFS constituted materially adverse employment actions, as that term has been interpreted in this Circuit. Because the Americans with Disabilities Act only proscribes adverse employment actions taken on account of an individual's disability, DFS cannot be liable where none of the conduct about which Plaintiff complains materially affected the terms and conditions of his employment and, therefore, did not rise to the level of an adverse employment action. Although Plaintiff asserts that by trial he will have unearthed an adverse employment action on which to base his claim, DFS should not be forced to engage in costly, time-consuming discovery when it is clear at this stage that even assuming all alleged facts to be true, Plaintiff cannot identify any action by DFS constituting a legally cognizable adverse employment action taken on account of a purported disability. In short, Plaintiff alleges only discrimination under the ADA[1], and his failure to adequately state a _prima facie_ case of discrimination requires the dismissal of his Complaint in its entirety.[2]

## I.    PLAINTIFF'S COMPLAINT—EVEN AS CLARIFIED BY HIS RESPONSE BRIEF—FAILS UNDER THE MOTION TO DISMISS STANDARD

Since the Supreme Court's decision in _Bell Atlantic v. Twombly_, 127 S. Ct. 1955 (2007), the pleading requirements have been ratcheted up, such that it is no longer acceptable merely to repeat the elements of a claim. _See Brown v. Plainfield Cmty. Consol. Dist. 202_, 522 F. Supp. 2d 1068, 1072 (N.D. Ill. 2007) (quoting _Bell Atlantic_, 127 S. Ct. 1964–65). Rather, "[t]he pleading must contain something more [than] a statement of facts that creates a suspicion

---

[1] Plaintiff asserts in his response brief that he brings only an ADA discrimination claim, not a retaliation claim. Accordingly, Plaintiff has waived any retaliation claim and DFS does not address that cause of action further.

[2] Citations to Plaintiff's Complaint will be "Complaint," Plaintiff's Response to Defendant's Motion to Dismiss Complaint will be "Pl. Resp.," and DFS's Memorandum of Law in Support of Motion to Dismiss will be "Memo."

[of] a legally cognizable right of action." *Id*. (quoting *Bell Atlantic*, 127 S. Ct. 1964–65) (first

alteration added).  In the post-*Bell Atlantic* world, "[t]o survive a motion to dismiss, a plaintiff

must plead enough to 'nudge [] their claims across the line from conceivable to plausible.'" *See*

*id*. (quoting *Bell Atlantic*, 127 S. Ct. at 1974).  Further, *Bell Atlantic* makes clear that a complaint

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Vulcan Golf, LLC v. Google Inc*., No. 07 C 3371, 2008 WL 818346, at *2

(N.D. Ill. Mar. 20, 2008) (Manning, J.) (quoting *Bell Atlantic*, 127 S. Ct. 1964–65), and as this

Court has recently observed, "the court is neither bound by the plaintiff's legal characterization

of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's

claims." *Cole v. City of Chicago*, No. 06 C 4704, 2008 WL 68687, at *3 (N.D. Ill. Jan. 4, 2008)

(Manning, J.).

   Here, Plaintiff's response—like his Complaint—contains nothing more than legal

conclusions, labels, and the rote recitation of the elements of an ADA claim for discrimination.

Perhaps aware of the legal insufficiency of his Complaint, Plaintiff attempts to buttress his

pleading by alleging in his response several new facts, including (1) "at a trial of this matter . . .

[he] will also prove . . . that his mental impairment has affected at least one major life activity,

his ability to sleep," Pl. Resp. at 3; (2) "through pre-trial discovery . . . [he] will be able to

establish that similarly situated employees, including, but not limited to, Mr. Jay Adler, an

employee of DISCOVER who held the same job title as Plaintiff WILTSE, were more favorably

treated," Pl. Resp. at 4–5; and (3) "through pre-trial discovery . . . [he will establish] that he

suffered additional adverse employment actions, including, but not limited to, failing to obtain a

job promotion that he was being considered for at the time of the incidents in question." Pl. Resp.

at 4.[3]  Not only do these new allegations not appear in his Complaint, but he continues to insist

that he will identify elements of his cause of action during the discovery process.  The Seventh

Circuit, however, has recently rejected such a "figure it out later" approach:  "*Bell Atlantic Corp.*

*v. Twombly* . . . teaches that a defendant not be forced to undergo costly discovery unless the

complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a

substantial case."  *See Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 802–03 (7th

Cir. 2008) (citation omitted).

        In the face of *Bell Atlantic* and the opinions from this Circuit interpreting that

case, it is clear that Plaintiff—with all of his labels, legal conclusions, and assurances that he will

figure out his cause of action during discovery—has failed to satisfy the pleading requirements.

Accordingly, his claim should be dismissed.

## II.  PLAINTIFF'S CLAIM MUST BE DISMISSED BECAUSE HE HAS NOT ALLEGED A LEGALLY COGNIZABLE ADVERSE EMPLOYMENT ACTION

        Even assuming, *arguendo*, that the brand new facts asserted by Plaintiff in his

response adequately establish (1) a "disability" as defined in the ADA and (2) a non-disabled

employee was treated more favorably,[4] his Complaint should be dismissed because he was not

subject to an adverse employment action, an element of his *prima facie* case.  "If the complaint

fails to allege a requisite element necessary to obtain relief, dismissal is in order."  *See R.J.R.*

*Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989); *Gutzwiller v. City of*

---

[3] *See* II.B. *infra* for further explanation on why this last allegation does not adequately meet the standard for stating a valid claim under the ADA.

[4] DFS does not believe that Plaintiff has satisfied the pleading requirements with respect to the wholly conclusory and brand new allegations in his response brief that purport to address deficiencies in his Complaint.  Rather, these obviously last-minute fact allegations are a desperate attempt to save his Complaint from dismissal and consequently, DFS denies that Plaintiff has established either the "disability" or "similarly situated employees" prongs of his  *prima facie* case.

*Chicago*, No. 03 C 7598, 2007 WL 294255, at *3 (N.D. Ill. Jan. 25, 2007);[5] *see also Wilkins v.*

*Metra Police Dep't*, No. 98 C 6288, 1999 WL 33281058, at *2 (N.D. Ill. Aug. 6, 1999).

       Here, Plaintiff has alleged discrimination under the ADA.  One of the necessary

elements of such a claim is an adverse employment action.  *Rooney v. Koch Air, LLC*, 410 F.3d

376, 380 (7th Cir. 2005).  Although Plaintiff correctly observes that a party can prove an ADA

claim by either the direct or indirect methods, his Complaint contains nothing that could be

construed as direct evidence of discrimination.  *See, e.g.*, *Robin v. Espo Eng'g Corp.*, 200 F.3d

1081, 1088 (7th Cir. 2000) (noting that direct evidence "tak[es] the form of, 'I fired you because

of your age or disability'").  Moreover, even assuming Plaintiff chooses the more difficult direct

method route of establishing his claim, he still needs to identify an adverse employment action.

*See Leonard v. Ulich Children's Advantage Network*, 481 F. Supp. 2d 931, 937 (N.D. Ill. 2007)

(stating direct method requires plaintiff to establish he suffered an adverse employment action

because of his disability).  While Plaintiff identifies in his response brief several occurrences that

he suggests establish this element of his *prima facie* case, none of the conduct he describes

constitutes an adverse employment action, and consequently, he cannot state a claim for

discrimination—no matter the method under which he proceeds.

**A.**     **An Adverse Employment Action Must Materially Alter the Terms and Conditions of Employment**

       "[N]ot everything that makes an employee unhappy is an actionable adverse

action.  Otherwise minor and even trivial employment actions that 'an irritable, chip-on the-

---

[5] Plaintiff appears to take issue with DFS's citation to *Gutzwiller* in its Memorandum of Law because *Gutzwiller* was not disposed of on a 12(b)(6) motion to dismiss.  *See* Pl. Resp. at 4.  DFS, however, cited *Gutzwiller* for the general proposition that a plaintiff who cannot establish each element of his *prima facie* case fails to establish a claim.  *See* DFS Memo. at 4.  That, of course, is the very essence of what a 12(b)(6) motion does when it "test[s] the legal sufficiency of a complaint." *See Woods v. Sw. Airlines, Co.*, 523 F. Supp. 2d 812, 819 (N.D. Ill. 2007).  Moreover, the Seventh Circuit has applied the same principle in reviewing 12(b)(6) motions to dismiss.  *See, e.g.*, *R.J.R. Servs., Inc.*, 895 F.2d at 281.

shoulder employee did not like would form the basis of a discrimination suit.'" *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996); *see also Christian v. Ill. State Bd. of Educ.*, No. 05 C 2735, 2007 WL 2088735, at *5 (N.D. Ill. July 19, 2007) (Manning, J.) (noting that "not every unwelcome employment action qualifies as an adverse action").   As the Seventh Circuit has defined it, an adverse employment action requires that the employer's conduct result in a material change to the terms and conditions of employment:

> [A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities.   A materially adverse change might be indicated by a termination of employment, a demotion evidence by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

*Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993).

Against this backdrop, it is clear that none of the conduct about which Plaintiff complains constitutes an adverse employment action.

### 1.    Plaintiff Does Not Allege an Adverse Employment Action in His "First Cause of Action"

The conduct alleged in Plaintiff's "First Cause of Action"—screaming and berating by Kerbs and Kerbs's failure to call for medical help, *see* Complaint at 3, ¶¶ 15–16; Pl. Resp. at 5—does not constitute adverse employment actions.   In *Moore v. Cingular Wireless*, No. 02 C 2079, 2004 WL 2047554 (N.D. Ill. Sept. 13, 2004), the plaintiff alleged that his supervisor "'constantly screams' at him and berates him in front of co-workers."   In response, the court stated that "[e]ven if this were true, it would not be considered an adverse employment action" because it did not "materially alter the terms and conditions of employment." *Id.* at *5

(citation omitted). As a result, the court concluded that the plaintiff could not state a *prima facie* case. *Id*.

Plaintiff's allegation that Kerbs's failed to summon medical help for him is not conduct that materially alters the terms and conditions of employment. *See Crady*, 993 F.2d at 136. Indeed, a failure to summon medical help does not implicate terms or conditions of employment at all. As a result, a failure to call for medical assistance cannot be considered an adverse employment action.

### 2.     Plaintiff Does Not Allege an Adverse Employment Action in His "Second Cause of Action"

In his "Second Cause of Action," Plaintiff points to the receipt of a "wrong[]" negative performance review as an adverse employment action. *See* Complaint at 4, ¶ 23; Pl. Resp. at 5. However, a poor performance evaluation—even one that is undeserved and "wrong"—is not an adverse employment action. *See Smart*, 89 F.3d at 442; *see also Bland v. Browner*, No. 97 C 2017, 1998 WL 111681, at *8 (N.D. Ill. Mar. 12, 1998) (noting, where plaintiff claimed to have deserved a higher rating than that received, "[a] negative evaluation cannot, by itself, constitute an actionable adverse action. This holds true even when the evaluation or reprimand is undeservedly negative or humiliating.") (internal citations omitted). Further, to the extent Plaintiff is attempting to link his negative performance review with the eventual receipt of a lower salary raise than what he had received the prior year, *see* Complaint at 4, ¶ 23, this Court has already addressed that issue. In *Christian*, the plaintiff argued that "he ultimately felt some financial repercussions due to the negative performance review and thus suffered an adverse employment action." This Court rejected the argument:

> Unfortunately for [the plaintiff], however, the Seventh Circuit has rejected this kind of generalized cause and effect argument, stating that negative effects flowing from a negative review do not

automatically constitute an adverse employment action because they are not "an inevitable consequence of every reprimand" since "job related criticism can prompt an employee to improve [his] performance and thus lead to a new and more constructive employment relationship."

*Christian*, 2007 WL 2088735, at *7.

### 3.    Plaintiff Does Not Allege an Adverse Employment Action in His "Third Cause of Action"

In his "Third Cause of Action," Plaintiff alleges that another DFS employee threatened to terminate him and have him physically removed from the building. *See* Complaint at 5, ¶¶ 32–33; Pl. Resp. at 5. Ignoring for the moment the fact that Plaintiff does not allege in his Complaint that he was threatened with physical removal from the building, this purported threat does not materially alter the terms or conditions of employment and, therefore, cannot constitute an adverse employment action. In addition, courts in this district have already found that a threatened termination does not amount to an adverse employment action. *See Shannon v. Hotel Employees & Restaurant Employees Int'l Union*, No. 01 C 9711, 2005 WL 2387689, at *13–14 (N.D. Ill. Sept. 22, 2005) (holding that threats to fire an employee are not adverse employment actions); *Aguilar v. St. Anthony Hosp.*, 207 F. Supp. 2d 747, 756 (N.D. Ill. 2001) (noting, in response to plaintiff's allegation that she was threatened with termination if she spoke Spanish at work, "the Seventh Circuit has made clear that a threat of termination is not an employment action at all under the law").

### B.    The Complaint Does Not State a *Prima Facie* Claim for "Failure to Promote" And Plaintiff Cannot Wait Until Discovery is Concluded to Identify an Adverse Employment Action

In his response to DFS's motion to dismiss, Plaintiff also mentions in passing that he will establish through discovery "that he suffered additional adverse employment actions, including, but not limited to, failing to obtain a job promotion that he was being considered for at

the time of the incidents in question." *See* Pl. Resp. at 4.  With respect to his newly asserted "failure to promote" claim (which does not appear in any of his "causes of action"), Plaintiff's Complaint is devoid of any facts that would establish such a claim.  "To demonstrate a *prima facie* case for his failure to promote claim, [the plaintiff] must show that: (1) he is a member of a protected group; (2) he applied for and was qualified for the position; (3) he was rejected for the position; and (4) the one who was promoted had similar or lesser qualifications for the position." *Moore*, 2004 WL 2047554, at *6.  Plaintiff, however, has not alleged facts to state a failure to promote claim (including, for example, what promotion "he was being considered for," *see* Pl. Resp. at 4, whether he applied for and was qualified for the position, whether he was rejected for such a position, who was ultimately hired for the position, and whether that person had similar or lesser qualifications), and in any event, he cannot amend his Complaint through his response brief.  *See Car Carriers v. Ford Motor Co*. 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Furthermore, Plaintiff's insistence that he be permitted to engage in discovery in order to identify the requisite adverse employment action should be rejected for two reasons.  First, as this Court has recognized, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Cole*, 2008 WL 68687, at *3 (quoting *EEOC v. Concentra Health Servs*., 496 F.3d 773, 776 (7th Cir. 2007)).  Plaintiff's "I'll figure it out later" response to DFS's Motion to Dismiss certainly does not give fair notice as to either what he is complaining about or the grounds on which he bases his allegations.  Second, and as noted above, the Seventh Circuit has observed that "*Bell Atlantic Corp. v. Twombly* . . . teaches that a defendant not be forced to undergo costly discovery

unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *See Limestone Dev. Corp.*, 520 F.3d at 802–03 (citation omitted). Given that his three "causes of action" do not state a legally cognizable adverse employment action, Plaintiff should not be permitted to force DFS through the expensive and time-consuming process of discovery when it is clear at the pleading stage that even assuming the truth of his allegations, he cannot establish a violation of the ADA.

<u>**CONCLUSION**</u>

For the foregoing reasons and the reasons set forth in its Memorandum of Law, DFS Services LLC respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and award DFS such other relief as the Court deems just and proper.

Respectfully submitted,

DFS SERVICES LLC

By:_____/s/ Cheryl Tama Oblander_____
       One of Its Attorneys

Cheryl Tama Oblander
Aviva Grumet-Morris
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601-9703
Telephone:  (312) 558-5600
Facsimile:  (312) 588-5700
ctama@winston.com
agmorris@winston.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant DFS Services LLC, hereby certifies that on May 19, 2008, a true and correct copy of the foregoing REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT was filed electronically with the Court.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Morris D. Minuskin
The Law Offices of Morris D. Minuskin
21 S. Belmont Street, Unit 1
Arlington Heights, Illinois 60004
Phone: (847) 255-8255
Fax: (847) 255-8950
mdminuskinlaw@aol.com

By: /s/ Cheryl Tama Oblander
        One of Defendant's Attorneys