IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS J. WILTSE,  )  <br>Plaintiff,  )  <br>)  <br>v.  )  <br>)  <br>DISCOVER FINANCIAL  )  <br>SERVICES, INC.,  )  <br>Defendant.  )  | Case No.  07 CV 7073  <br>Judge Manning |

**MEMORANDUM AND ORDER**

Plaintiff Douglas J. Wiltse ("plaintiff" or "Wiltse") brings suit against his employer, Defendant Discover Financial Services, Inc. ("defendant" or "Discover"), alleging that it discriminated against him on the basis of a disability in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*[1]  This case is before the court on defendant's motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons described below, defendant's motion is denied.

**I.     BACKGROUND FACTS**

On February 17, 1992, Douglas J. Wiltse was hired by Discover as a desk agent within the Production Control Center and ultimately became a senior associate for Discover's Mainframe Tools and Vendor Management Department.  In 1993, Wiltse was diagnosed with severe anxiety and depression, and Discover's Human Resources Department received three Medical Releases during Wiltse's employment acknowledging his illness.  Wiltse breaks his complaint into three causes of action, each seeking relief under the ADA based on certain allegations.

---

[1] The defendant seeks dismissal of the plaintiff's retaliation claim.  The plaintiff acknowledges in his response, however, that he is not making a claim of retaliation.  Therefore, this court will not address any of the defendant's arguments with respect to retaliation.

Wiltse alleges in what he entitles his "first cause of action" that, on October 6, 2006, Ed Kerbs ("Kerbs"), his supervisor and manager of the Mainframe Tools and Vendor Management Department, "screamed at and berated him" continuously for 30 minutes. During this meeting, Wiltse alleges Kerbs stated that he was a "bad employee and in need of job-related help" based on an unidentified problem that occurred on a telephone conversation between Wiltse and a client of Discover. (Compl. ¶ 15). Wiltse alleges that the encounter with Kerbs exacerbated his mental illness and caused him to suffer severe anxiety attacks that required medical attention. He further alleges that Kerbs, who knew or should have known of his illness, did not call for any medical personnel to assist him.

In the second cause of action, Wiltse alleges that on November 10, 2006, Kerbs met with Wiltse and gave him a poor job performance evaluation for the 2006 calendar year. Wiltse alleges that this poor evaluation was based on his tenure as manager for only two months, and was "totally different from prior evaluations." As a direct result of this evaluation, Wiltse received a pay raise of less than one percent, substantially lower than his normal pay raise. On November, 12, 2006, Wiltse met with Kerbs who informed him that his poor year-end job evaluation was a result of his unprofessional behavior in the workplace, *i.e.* having a severe anxiety attack during their meeting on October 6, 2006. After this meeting, on November 14, 2006, Wiltse appealed his poor job performance evaluation utilizing Discover's internal appeal process, but his grievance was denied. As a result of his poor job performance evaluation and the failure to receive his normal annual pay raise, Wiltse alleged that he suffered additional severe anxiety attacks.

Wiltse's third cause of action alleges that on January 17, 2007, Wiltse met with Evelyn Delacruz, the director of Discover's Employee Relations Department and requested that his 2006

job performance evaluation be "reviewed and rewritten to reflect his satisfactory job performance" and that his 2007 pay raised be increased. (Compl. ¶ 32). According to Wiltse, the director informed him that he would be fired if he continued to "defend his position relative to…Kerbs' poor job evaluation." (Compl. ¶ 33). Wiltse alleges that as a result of this meeting he suffered additional severe anxiety attacks which required medical treatment. Wiltse further alleges that as a result of the above-described incidents, he had to take an extended medical leave, which is apparently ongoing. On February 16, 2007, Wiltse filed a charge of discrimination against Discover with the United States Equal Employment Opportunity Commission ("EEOC"), alleging he was discriminated against on the basis of a disability in violation of the ADA.

## II.   STANDARD ON A MOTION TO DISMISS

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). As noted by the Seventh Circuit:

> The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)*(quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) *(alteration in Bell Atlantic* ). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if it does not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n.14.

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). *See also*

*Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007) (observing that

Supreme Court in *Bell Atlantic* "retooled federal pleading standards" such that a complaint must now contain "enough facts to state a claim to relief that is plausible on its face.").[2]

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 127 S.Ct. at 1964-65 (citations omitted).

### III.   ANALYSIS

In its motion to dismiss, the defendant asserts that the plaintiff has failed to show any facts that could support his three theories of discrimination under the ADA. Specifically, the defendant asserts that the complaint does not state a *prima facie* case of discrimination under the ADA, under which the plaintiff must show: (1) he is a "qualified person with a disability;" (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees were more favorably treated. *Rooney v. Koch Air, LLC*, 410 F.3d 376, 380-81 (7th Cir. 2005).

---

[2] In its opening brief, the defendant cites the legal standard as allowing a court to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The *Bell Atlantic* court, however, expressly "retired 'the oft-quoted *Conley* formulation.'" *Tamayo v. Blagojevich*, 536 F.3d 1074, 1082 (7th Cir. 2008)(citations omitted).

In his response, the plaintiff correctly notes that he may establish his disability discrimination claim either under the direct or indirect method. *Timmons v. General Motors Corp.*, 469 F.3d 1122, 1126 (7th Cir. 2006). "Under the so-called 'direct' method, the plaintiff may show either direct or circumstantial evidence that points to a conclusion that the employer acted as it did for illegal reasons." *Id.* (citation omitted). "The alternative way to prove discrimination is the familiar burden-shifting *McDonnell Douglas* method." *Id.* (citation omitted). While the defendant's opening motion expressly addressed only the *prima facie* case under the indirect method, it notes in its reply that the plaintiff must establish an adverse employment action under either method. Accordingly, the defendant asserts in its motion to dismiss that the plaintiff's complaint must be dismissed regardless of which method he decides to use. The court addresses the defendant's arguments in turn.

A.   *Prima Facie* Case

   1.   **Disability**

The defendant first contends that the plaintiff does not establish that he is "disabled" as defined under the ADA. Specifically, the defendant argues that the plaintiff is not disabled under the ADA because he has failed to show he has an impairment that substantially limits a major life activity. *See Rooney*, 410 F.3d at 381-82 (concluding the plaintiff was not disabled because he failed to establish that his impairment substantially limits one or more of the major activities). According to the defendant, *Bell Atlantic* requires the plaintiff to substantiate his claims to the point that they "cross the line from conceivable to plausible" and contends that allegations of disability fail to comply with the statement in *Bell Atlantic* that "a complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atlantic*, 127 S. Ct. at 1964-65.  However, the court finds the defendant's application of *Bell Atlantic* to be overzealous.  *See Tamayo,* 536 F.3d at 1082 (stating that *Bell Atlantic* must not be "overread").[3]

The Seventh Circuit, in interpreting *Bell Atlantic,* did not overturn the rule that allegations in a complaint shall be accepted as true and construed in favor of the plaintiff.  *Newman v. Apex Financial Group, Inc.*, No. 07 C 4475, 2008 WL 130924, at *3 (N.D. Ill. Jan. 11, 2008) (citing *Concentra*, 496 F.3d 773 (7th Cir. 2007)).  More important, as relevant here, the complaint does not need to set forth detailed factual allegations corresponding to each aspect of a *prima facie* case.  *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) (noting the *prima facie* case as illustrated in *McDonnell Douglas v. Green* is an evidentiary standard, not a pleading requirement).  This is true even after *Bell Atlantic*, as the Seventh Circuit recently noted:

> Acknowledging [in *Concentra*] that a complaint must contain something more than a general recitation of the elements of the claim, however, we nevertheless reaffirmed the minimal pleading standard for simple claims of race or sex discrimination.  Reaffirming our prior holdings in *Bennett [v. Schmidt]*, 153 F.3d [516] at 518 [(7th Cir. 1998)], and *Kolupa*, 438 F.3d at 714, we noted:
>
>> [O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim. Requiring a more detailed complaint in *Bennett* would have replicated the inefficient chase for facts decried in *Bennett* and *Dioguardi* [*v. Durning*, 139 F.2d 774 (2nd Cir. 1944)]
>
> Even after *Bell Atlantic*, *Concentra* affirmed our previous holdings that, in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex

---

[3]Indeed, the fact that the defendant relies almost solely on cases involving motions for summary judgment is telling.

Page 6

*Tamayo*, 526 F.3d at 1084 (citations omitted). The court sees no reason, nor has the defendant articulated one, not to apply this same standard to this straightforward ADA claim.

In order for a person to establish that he or she is disabled under the ADA, he or she may "present evidence that: (1) [he or she] has a physical or mental impairment that substantially limits one or more major life activities; (2) there is a record of such an impairment; or (3) [his or her] employer regards [him or her] as having such an impairment." *Storey v. City of Chicago*, No. 04 C 7352, 2007 WL 773248, at *5 (N.D. Ill. Mar. 12, 2007) (*citing* 42 U.S.C. § 12102(2)(A)-(C)). In characterizing a disability, the Seventh Circuit has found that "major depression can constitute a disability under the ADA." *Ogborn v. United Food and Commercial Workers Union, Local No. 881*, 305 F.3d 763, 767 (7th Cir. 2002) (stating that major depression can be a disability under the ADA, but intermittent and episodic impairments such as broken limbs and appendicitis are not disabilities).

The plaintiff alleges that his "severe anxiety and depression" is a mental impairment that qualifies as a "disability" under the provision of the ADA and that these attacks have affected his ability to sleep since his diagnosis.[4] *See* Compl. ¶ 7; Pl. Resp. at 4. Furthermore, viewing the allegations in a light most favorable to the plaintiff, the defendant was aware of the plaintiff's illness based on three medical releases received by its Human Resource Department. These

---

[4] While the plaintiff's assertion that his alleged depression and anxiety affected his ability to sleep was made not in the complaint but in his response to the defendant's motion to dismiss, such a statement is permissible given that it is not inconsistent with the allegations of the complaint and simply adds further detail to an already adequately pled claim. *Hentosh v. Herman M. Finch University*, 167 F.3d 1170, 1173 n.3 (7th Cir. 1999) ("'A plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief' in order to defeat a motion to dismiss if these facts are consistent with the allegations in the complaint.")(quoting *Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992)).

allegations "describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests" and "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Concentra*, 496 F.3d at 776 (*quoting Bell Atlantic*, 127 S.Ct. at 1965). Therefore, the defendant's motion to dismiss based on the plaintiff's alleged failure to plead a disability is denied.

    **2.**    **Adverse Employment Action**

The defendant further contends that even assuming that the plaintiff has properly pled that he is disabled under the ADA, his complaint should be dismissed because it does not contain any incidents that could be construed as adverse employment actions. As noted by the defendant:

> [A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

*Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993).

According to the defendant, the plaintiff's claims that he suffered adverse employment actions when Kerb screamed at and berated him, he received a negative performance review, he did not receive his normal pay raise, and he was threatened with termination are insufficient because they do not "materially alter the terms and conditions of employment." *See Moore v. Cingular Wireless*, No. 02 C 2079, 2004 WL 2047554, at *5 (N.D. Ill. Sept. 13, 2004). The plaintiff disagrees and adds allegations in his response brief that he suffered an additional adverse

employment action when he was not given a job promotion at the time of the incidents in question.[5]

Adverse employment actions are defined "quite broadly" in this circuit. *Tyler v. Ispat Inland Inc.*, 245 F.3d 969, 972 (7th Cir. 2001). As noted in *Crady*, cited by the defendants in support of their motion to dismiss, a materially adverse change in the terms and conditions of employment could include "indices that might be unique to a particular situation." *Crady*, 993 F.2d at 136. The in-depth factual inquiries necessary in some cases to determine if an adverse employment action took place are properly left for summary judgment or trial. *Kolupa*, 438 F.3d at 715 ("Whether any given step is an adverse employment action (alone or in combination with some other act) goes to the merits; these details may be explored in discovery, on motion for summary judgment, and if necessary at trial, but need not be included in complaints.").

The defendant's position that a plaintiff must plead all facts that support a particular element of a discrimination claim directly contradicts the language in *Bell Atlantic* that a complaint "does not need detailed factual allegations." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted). The plaintiff's allegations are sufficient at this stage of the litigation to

---

[5] It is clear that an alleged failure to promote is an adverse employment action. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) (an adverse employment action may include "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."). However, to the extent that the plaintiff intends to rely on the failure to promote as an adverse employment action, he should have included it in the complaint and not in response to a motion to dismiss. *Tamayo*, 526 F.3d at 1084 (a complaint alleging a discrimination claim "need only aver that the employer instituted *a (specified) adverse employment action* against the plaintiff on the basis of her [protected status].") (emphasis added). Accordingly, the court grants the plaintiff fourteen (14) days from the date of entry of this order to seek leave to amend his complaint to allege a failure to promote claim to the extent that such an amendment is timely and within the scope of the EEOC charge.

plausibly suggest that he suffered an adverse employment action.  Therefore, the defendant's motion to dismiss on the ground that the plaintiff has failed to allege an adverse employment action is denied.

### 3. Similarly Situated Employees

In order to establish a *prima facie* case for discrimination under the indirect method, the plaintiff must show that similarly situated employees were treated more favorably.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973).  The plaintiff asserts in his response brief that Jay Adler, a senior associate who overheard and reported to Kerbs the telephone conversation between the plaintiff and a client of Discover, and others were treated more favorably than him.  *See* Pl. Resp. at 4-5.  Again, given that this statement is not inconsistent with the allegations of the complaint, the plaintiff may properly raise this allegation in his response brief.  Moreover, because the plaintiff need not follow the indirect method, which requires that he establish that similarly situated employees were treated more favorably, there is no reason to demand that he necessarily include any allegations as to similarly situated employees.  Therefore, the defendant's motion to dismiss on the ground that the plaintiff has failed to sufficiently allege that employees were similarly situated to him is denied.

## IV.    CONCLUSION

The plaintiff's complaint does not need to plead specific facts, but enough to give a defendant fair notice of what the claim is and "plausibly suggest that the plaintiff has a right to relief. . . " *Tamayo*, 526 F.3d at 1083 (*citing Bell Atlantic*, 127 S. Ct. at 1964).  The plaintiff has done so here.  Accordingly, for the foregoing reasons, the defendant's motion to dismiss is denied.

The plaintiff has fourteen days from the date of entry of this order to file a motion for leave to amend his complaint to include allegations related to his purported failure to promote as well as any other amendments he deems appropriate.

**ENTER:**

**DATE:**   July 22, 2008

*Blanche M. Manning*
**Blanche M. Manning**
**United States District Judge**