## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS J. WILTSE, | ) | |
| | ) | |
| Plaintiff | ) | Case No.  07 CV 7073 |
| | ) | |
| v. | ) | Judge Manning |
| | ) | |
| DISCOVER FINANCIAL SERVICES, INC., | ) | Magistrate Keys |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant, DFS Services LLC ("DFS"), by and through its undersigned counsel, hereby submits its Answer in response to Plaintiff's Complaint as follows:

### PARTIES

1.  Plaintiff is an individual and has resided at 509 Dunton Street, #3, Arlington Heights, Illinois, 60004, County of Cook, State of Illinois, at all times relevant hereto.

**ANSWER**:     DFS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the same.

2. A) Defendant DISCOVER FINANCIAL SERVICES, INC. (hereinafter "DISCOVER") is a corporation incorporated in the State of Delaware, that at all times relevant hereto maintained its principal place of business in the State of Illinois in the City of Riverwoods and County of Lake.  At all times relevant hereto, DISCOVER was a wholly-owned subsidiary company of Defendant MORGAN STANLEY, INC., and employed approximately 1,500 people.

**ANSWER:**     DFS admits that the proper name of the employer Defendant is DFS Services LLC ("DFS").  DFS was formerly known as Discover Financial Services, Inc.  DFS is a limited liability company incorporated under the laws of Delaware with its principal place of business in Riverwoods, Illinois, which is in Lake County.  DFS denies the remaining allegations in Paragraph 2A.

B)     Defendant MORGAN STANLEY, INC. (hereinafter "MORGAN") is a corporation incorporated in the State of New York, that at all times relevant hereto maintained its principal place of business in the State of Illinois in the City of Riverwoods and County of Lake, and employed approximately 40,000 people in Illinois and worldwide.

**ANSWER:**     Plaintiff voluntarily dismissed Defendant Morgan Stanley, Inc. and accordingly no answer is required to this allegation.

C)     Defendants ED KERBS (hereinafter "KERBS"), ALAN KADIN (hereinafter "KADIN"), LUT CALCOTE (hereinafter "CALCOTE"), HEATHER HESTON (hereinafter "HESTON"), EVELYN DELACRUZ (hereinafter "DELACRUZ"), KAREN DOLLMEYER (hereinafter "DOLLMEYER"), JAY ADLER (hereinafter "ADLER"), and DIANE OFFREINS (hereinafter "OFFREINS") are all individuals and, at all times relevant thereto, were employed by defendants DISCOVER AND MORGAN.

**ANSWER:**     Plaintiff voluntarily dismissed Defendants Ed Kerbs, Alan Kadin, Lutgarte Calcote, Heather Heston, Evelyn Delacruz, Karen Dollmeyer, Jay Adler, and Diane Offereins and accordingly no answer is required to this allegation.

## JURISDICTION AND VENUE

3.   On February 16, 2007, Plaintiff filed a charge of discrimination against the Defendants with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging that he was discriminated against on the basis of a disability in violation of Title I of the Americans with Disabilities Act, 42 U.S.C.A. Sections 12101 et seq. (hereinafter "ADA").  (A copy of said charge is attached hereto and incorporated herein by reference as Exhibit A).

**ANSWER**:     DFS admits that a copy of Plaintiff's EEOC charge alleging discrimination against Discover Financial Services under the ADA was attached as Exhibit A to his complaint and further admits that the charge indicates a filing a date of February 16, 2007.  DFS denies the remaining allegations in Paragraph 3.

4.   On or about October 1, 2007, Plaintiff received a notice of right to sue from the EEOC, advising him that he had 90 days to file suit against the Defendants under the ADA. (A copy of said notice is attached hereto and incorporated herein by reference as Exhibit B).

CHI:2043521.2

**ANSWER**:    DFS admits that a "Notice of Right to Sue" letter from the EEOC was attached to Plaintiff's complaint as Exhibit B.  DFS is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Plaintiff received the letter from the EEOC and therefore denies the same.  DFS denies the remaining allegations in Paragraph 4.

5.  On December 17, 2007, within the aforementioned 90-day right to sue period, Plaintiff filed the instant action.

**ANSWER**:    DFS admits that the Plaintiff's complaint is stamped "Filed Dec 17 2007."  DFS denies the remaining allegations in Paragraph 5.

6.  Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

**ANSWER**:    DFS denies the allegations in Paragraph 6.

7.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C.A. Sections 1343 and 1331, as it is a civil rights action arising under the laws of the United States.

**ANSWER**:    DFS admits that this Court has subject matter jurisdiction.

8.  Venue in this district is proper under 28 U.S.C.A. Section 1391(b) as the parties either reside or are licensed to do business in this judicial district, and the events giving rise to this action occurred in this judicial district.

**ANSWER**:    DFS admits that venue in this district is proper.

## FACTS RELEVANT TO ALL CLAIMS

9.  On or about February 17, 1992, Plaintiff was hired by Defendant DISCOVER for the position of desk agent within the Production Control Center, and at all times relevant hereto was employed by Defendants DISCOVER and MORGAN as a senior associate for DISCOVER'S Mainframe Tools and Vendor Management Department.

**ANSWER**:    DFS admits that Plaintiff was hired on or about February 17, 1992 and that Plaintiff was employed from that time until January 2008.  DFS denies the remaining allegations in Paragraph 9.

CHI:2043521.2

10.  At all times relevant hereto, Plaintiff performed his job duties in exemplary fashion and to the Defendants' legitimate satisfaction.

**ANSWER**:     DFS denies the allegations in Paragraph 10.

11.  On or about June 15, 1993, Plaintiff was diagnosed by his physician as having severe anxiety and depression, and has suffered from said illness at all times relevant hereto.  Severe anxiety and depression is a mental illness encompassed under the provisions of the ADA.

**ANSWER**:     DFS lacks knowledge or information sufficient to form a belief as to the truth of

the allegation regarding Plaintiff's diagnosis of anxiety and depression and therefore denies the

same.  DFS denies the remaining allegations in Paragraph 11.

12.  At all times relevant hereto, all of the Defendants knew or should have known, about Plaintiff's aforementioned illness.  Plaintiff's illness was well-documented within Defendant DISCOVER in that in the years 1993, 1996, and 2006, its Human Resources Department received Medical Release forms relative to Plaintiff acknowledging Plaintiff's illness.

**ANSWER**:     DFS denies the allegations in Paragraph 12.

## FIRST CAUSE OF ACTION

13.  Plaintiff realleges paragraphs 1 through 12 above as if fully realleged herein.

**ANSWER**:     DFS restates its answers to Paragraphs 1 through 12 above as if fully restated

herein.

14.  At all times relevant hereto, Defendant KERBS was manager of the Mainframe Tools and Vendor Management Department for Defendant DISCOVER and Plaintiff's immediate supervisor.

**ANSWER**:     DFS denies the allegations in Paragraph 14.

15.  On or about October 6, 2006, Defendant KERBS asked Plaintiff to have a one-on-one meeting with him at the offices of Defendant DISCOVER.  During this meeting, intentionally and with malice aforethought, Defendant KERBS continuously screamed at and berated the Plaintiff for a period in excess of thirty (30) minutes, wrongfully saying during this period, among other things, that Plaintiff was a bad employee and in need of job-related help, causing Plaintiff to directly suffer a severe attack of anxiety.

CHI:2043521.2

**ANSWER**:     DFS admits that on or about October 6, 2006, Plaintiff met with Ed Kerbs.  DFS

denies the remaining allegations in Paragraph 15.

16.     As a result of this severe attack of anxiety, the Plaintiff was in immediate need of medical treatment, and due to his immediate state, could not call for medical help himself.  Defendant KERBS then exacerbated the situation by, intentionally and with malice aforethought, failing to call for medical help for the Plaintiff.

**ANSWER**:     DFS denies the allegations in Paragraph 16.

17.     This meeting between Defendant KERBS and the Plaintiff occurred immediately after a luncheon on the same date at the offices of Defendant DISCOVER at which the Plaintiff was recognized as being an exemplary employee by a fellow employee in front of all of Plaintiff's peers and Defendant CALCOTE, Vice-President of Business Technology Operations and a direct superior of Plaintiff.

**ANSWER**:     DFS denies the allegations in Paragraph 17.

18.     Defendant KERBS screamed and berated the Plaintiff allegedly due to a telephone conversation that Plaintiff had with an account representative from IBM, a client of defendant DISCOVER, that took place on or about September 14, 2006.  Said conversation was overheard by Defendant ADLER, like Plaintiff, a senior associate with Mainframe Tools and Vendor Management Department.

**ANSWER**:     DFS admits that on or about September 14, 2006, Plaintiff acted inappropriately

in a phone conversation with an employee of IBM, one of DFS's clients.  DFS also admits that

Plaintiff's inappropriate behavior was witnessed by Jay Adler.  DFS denies the remaining

allegations in Paragraph 18.

19.     Defendant ADLER, intentionally and with malice aforethought, gave Defendant KERBS wrong and misleading information about said telephone conversation between Plaintiff and the IBM representative in order to hurt the Plaintiff professionally.

**ANSWER**:     DFS denies the allegations in Paragraph 19.

20.     Defendant KERBS, knowing the information he received from Defendant ADLER was wrong and misleading, screamed at and berated the Plaintiff at the aforementioned meeting on October 6, 2007, causing Plaintiff great harm as stated in paragraph 15 above.

**ANSWER**:     DFS denies the allegations in Paragraph 20.

CHI:2043521.2

## SECOND CAUSE OF ACTION

21.  Plaintiff realleges paragraphs 1 through 20 above as if fully realleged herein.

**ANSWER**:     DFS restates its answers to Paragraphs 1 through 20 as if fully restated herein.

22.  Each year for the previous five (5) years, from 2001 through 2005, as senior associate in the Mainframe Tools and Vendor Management Department, Plaintiff received a satisfactory year-end job performance rating from his immediate supervisor, and a corresponding three to five percent (3% - 5%) yearly increase in pay.

**ANSWER**:     DFS denies the allegations in Paragraph 22.

23.  On or about November 10, 2006, Defendant KERBS, after being hired by Defendant DISCOVER in August of 2006 and being manager of the Mainframe Tools and Vendor Management Department for only approximately two (2) months, intentionally and with malice aforethought, gave the Plaintiff an inferior job rating for the entire 2006 calendar year, a rating that was totally different from prior evaluations.  As a direct result, the poor job rating resulted in Plaintiff receiving a raise in pay for the year 2007 from Defendant DISCOVER of less than one (1) percent (.0099948).

**ANSWER**:     DFS denies the allegations in Paragraph 23.

24.  Previously, on or about November 6, 2006, in a meeting with Defendant KERBS and Defendant HESTON, an associate in the Employee Relations Department, Plaintiff was told by HESTON that if Plaintiff signed a certain document that she had prepared, then all of the aforementioned incidents, including, but not limited to, the telephone conversation with the IBM representative and the October 6, 2006, meeting with Defendant KERBS, would be considered closed and would not be a part of Plaintiff's 2006 year-end job review.  As it turned out, Defendant HESTON, intentionally and with malice aforethought, misled Plaintiff into signing said document, and all of the contents of said document and all of the incidents aforementioned were made a part of Defendant KERBS poor 2006 year-end performance review.

**ANSWER**:     DFS denies the allegations in Paragraph 24.

25.  On or about November 12, 2006, Defendant KERBS informed Plaintiff that his poor year-end job evaluation was the result of Plaintiff's alleged unprofessional behavior in the workplace by having the severe anxiety attack during their aforementioned meeting on October 6, 2006.

**ANSWER**:     DFS denies the allegations in Paragraph 25.

26.    On or about November 12, 2006, Defendant KADIN, director of the Enterprise Computing Services Department and immediate supervisor of Defendant KERBS, and Defendant CALCOTE, immediate supervisor of Defendant KADIN, intentionally and with malice aforethought, wrongfully approved Plaintiff's poor year-end job evaluation.  In addition,

CHI:2043521.2

Defendant OFFREINS, senior vice-president at Defendant DISCOVER, is directly responsible for all decisions made by Defendants KADIN and CALCOTE, and is thus negligently responsible for the approval of Plaintiff's poor year-end job evaluation.

**ANSWER**:    DFS denies the allegations in Paragraph 26.

27.    Defendant DISCOVER provides an internal appeal process by which employees may grieve adverse employment decisions.

**ANSWER**:    DFS denies the allegations in Paragraph 27.

28.    On or about November 14, 2006, Plaintiff grieved Defendant KERBS poor job performance rating.

**ANSWER**:    DFS denies the allegations in Paragraph 28.

29.    The result of the internal appeal process was that Plaintiff's grievance was denied.

**ANSWER**:    DFS denies the allegations in Paragraph 29.

30.    As a direct result of the poor job evaluation and Plaintiff's failure to receive his normal annual pay raise, Plaintiff suffered additional severe anxiety attacks, and had to repeatedly seek medical treatment for same.

**ANSWER**:    DFS denies the allegations in Paragraph 30.

### THIRD CAUSE OF ACTION

31.    Plaintiff realleges paragraphs 1 through 30 above as if fully realleged herein.

**ANSWER**:    DFS restates its answer to Paragraphs 1 through 30 as if fully restated herein.

32.    On or about January 17, 2007, Plaintiff had a meeting with Defendant DELACRUZ, director of the Employee Relations Department.  During the meeting, Plaintiff requested, among other things, that his 2006 year-end job performance evaluation be reviewed and rewritten to reflect his satisfactory job performance, and that his 2007 raise be adjusted to the normal 3% - 5%.

**ANSWER**:    DFS admits that in or around January 2007, Plaintiff met with Defendant Evelyn Delacruz, who was then a Director of DFS's Human Resources Department and among other things, that his 2006 year-end job performance evaluation be reviewed and rewritten to reflect

his perception of his satisfactory job performance and that his 2007 raise be adjusted.  DFS

denies the remaining allegations of Paragraph 32.

33.  Defendant DELACRUZ, intentionally and with malice aforethought, then informed the Plaintiff that if he continued to defend his position relative to Defendant KERBS' poor job evaluation, then he would be fired, causing Plaintiff additional severe anxiety attacks which required additional medical treatment.

**ANSWER**:    DFS denies the allegations in Paragraph 33.

## CLAIM FOR RELIEF

34.  Plaintiff realleges paragraphs 1 through 33 above as if fully realleged herein.

**ANSWER**:    DFS restates its answer to Paragraphs 1 through 33 as if fully restated herein.

35.  The Defendants' intentional conduct detailed above was discriminatory and retaliatory against Plaintiff in violation of the appropriate provisions of the ADA.

**ANSWER**:    DFS denies the allegations in Paragraph 35.

36.  As a direct and proximate result of said intentional discriminatory and retaliatory conduct, Plaintiff was forced to take a medical leave of absence from his employment at Defendant DISCOVER on or about January 18, 2007, due to the severity of his aforementioned illness, and has been on medical leave since said date.

**ANSWER**:    DFS denies the allegations in Paragraph 36.

37.  As a direct and proximate result of said intentional discriminatory and retaliatory conduct, Plaintiff has lost wages and other benefits; his future earning capacity has been substantially impaired; he has suffered severe anxiety and emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and he has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

**ANSWER**:    DFS denies the allegations in Paragraph 37.

38.  Defendants' discriminatory and retaliatory conduct exhibited a willful, malicious and/or negligent intent to cause direct harm to Plaintiff.

**ANSWER**:    DFS denies the allegations in Paragraph 38.

WHEREFORE, the Plaintiff, DOUGLAS J. WILTSE, prays that this honorable Court enter judgment in his favor and grant him the maximum relief allowed by law, including:
A.    A declaration that the Defendants have violated pertinent sections of the ADA.
B.    All lost wages since January 18, 2007.

CHI:2043521.2

C.    Compensatory and punitive damages against all of the Defendants, individually and collectively, in the amount of Thirty Million Dollars ($30,000,000).

D.    A jury trial.

E.    Attorneys' fees, costs of suit, and such other relief as this court deems just and proper.

**ANSWER**:    DFS denies the allegations in the unnumbered "WHEREFORE" Paragraph, whether express or implied.  DFS also denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" Paragraph and further denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As its First Defense, DFS states that Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As its Second Defense, DFS states that Plaintiff has failed to mitigate his damages, if any.

### THIRD AFFIRMATIVE DEFENSE

As its Third Defense, DFS states that at all times, DFS's actions with regard to its treatment of Plaintiff were in good faith and were conducted for legitimate and non-discriminatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

As its Fourth Defense, DFS states that Plaintiff failed to satisfy the applicable statute of limitations.

### ADDITIONAL DEFENSE

DFS reserves the right to assert any other defenses or matters in avoidance of Plaintiff's claim which may become appropriate as discovery proceeds in this case.

9

CHI:2043521.2

**WHEREFORE**, Defendant, DFS Services LLC, respectfully requests that the Court enter an order dismissing the Complaint in its entirety, entering an order of judgment in its favor, including an order for its attorney's fees and costs associated herewith.

Respectfully Submitted,

**DFS SERVICES LLC**

By:     /s/Cheryl Tama Oblander
          One of Its Attorneys

Cheryl Tama Oblander
Aviva Grumet-Morris
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601-9703
Telephone:  (312) 558-5600
Fax:          (312) 588-5700
ctama@winston.com
agmorris@winston.com

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned, one of the attorneys for Defendant DFS Services LLC, hereby certifies that on August 5, 2008, a true and correct copy of the foregoing ANSWER TO COMPLAINT was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Morris D. Minuskin, Esq.
21 S. Belmont, Unit 1
Arlington Heights, Illinois 60004
phone: (847) 255-8255
fax: (847) 255-8950
email: mdminuskinlaw@aol.com

                      /s/Cheryl Tama Oblander
                        One of Its Attorneys

CHI:2043521.2